**In the Matter of R. Allen McCARTNEY, Respondent.**

**No. 98S00–0905–DI–207.**

Supreme Court of Indiana.

July 16, 2009.

*PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Kentucky and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On May 5, 2009, this Court issued an "Order to Show Cause," to which Respondent has not responded. This case is now before this Court for resolution.

Respondent was admitted to practice law in Indiana and in Kentucky. On April 23, 2009, the Supreme Court of Kentucky found Respondent's conduct violated that jurisdiction's rules of professional conduct. For this misconduct, Respondent was disbarred from the practice of law in Kentucky. Respondent is already under reciprocal suspension in Indiana under an order entered on February 29, 2008, in Cause No. 98S00–0710–DI–387 based on an earlier suspension in Kentucky.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c), of any reason why reciprocal discipline should not issue in this state.

Being duly advised, **the Court enters this order of reciprocal discipline suspending Respondent from the practice of law in this state.** As noted, Respondent is already under a prior order of reciprocal suspension. Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

If Respondent is reinstated to practice in the foreign jurisdiction, Respondent may file a "Motion for Reinstatement," attaching documents demonstrating such reinstatement, requesting this Court to reinstate Respondent to the practice of law in Indiana. However, regardless of Respondent's date of reinstatement in the foreign jurisdiction, Respondent's suspension in this state shall not be lifted until Respondent has been suspended at least as long as Respondent was suspended in the foreign jurisdiction. Respondent's motion shall state the length of time Respondent was suspended in the foreign jurisdiction and the date on which the length of Respondent's Indiana suspension equals the length of Respondent's foreign suspension.

All Justices concur.